IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARIUSH JAFARI, et al., | |
| Plaintiffs, | 4:24CV3029 |
| vs. | |
| UNITED STATES DEPARTMENT OF STATE, et al. | ORDER |
| Defendants. | |

      This matter comes before the Court on the plaintiffs' Unopposed Motion to Transfer (Filing No. 12).  The plaintiffs, three couples separated pending the administrative processing of their F-2 dependent-student visas, commenced this action on February 2, 2024, to compel the defendants to render decisions on their pending applications.  (Filing No. 1).  Plaintiff Jafari is the only plaintiff that resides in Nebraska; the rest of the plaintiffs reside in Iran, Arizona, or Minnesota.  Plaintiff Jafari asserts his and his wife's claims have been mooted, so none of the remaining plaintiffs reside in Nebraska.  Therefore, the plaintiffs request that the Court transfer this action to the United States District Court for the District of Columbia, where the federal agency defendants are headquartered.  The defendants, who have been served but not yet filed a responsive pleading or appeared in this action, do not oppose the motion to transfer. See Filing No. 12.

      In cases against a federal officer, venue is governed by 28 U.S.C. § 1391(e)(1), which provides venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action."  Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Eighth Circuit has not provided an "exhaustive list of specific factors to consider" when determining whether to transfer a case under § 1404(a), but district courts should weigh any "case-specific factors" relevant to convenience and fairness to determine whether transfer is warranted.  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citing *Stewart Org., Inc. v. Ricoh*

Corp., 487 U.S. 22, 29 (1988); Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997)).

After review, for the convenience of the parties and witnesses, and in the interest of justice, the Court will exercise its discretion under § 1404(a) and transfer this case to the United States District Court for the District of Columbia. See 28 U.S.C. § 1391(e)(1). Accordingly,

**IT IS ORDERED:**

1. The plaintiffs' Unopposed Motion to Transfer (Filing No. 12) is granted;
2. The Clerk of the Court is directed to transfer this case to the United States District Court for the District of Columbia.

Dated this 12th day of March, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge